IN THE UNITED STATES DISTRICT COURT
IN THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL MURRAY,

Plaintiff,

CASE NO.:

-vs-

DIVERSIFIED CONSULTANTS, LLC,

Defendant.

_____/

## COMPLAINT

Plaintiff, MICHAEL MURRAY, by and through his undersigned counsel, sues the Defendant, DIVERSIFIED CONSULTANTS, LLC, and in support thereof respectfully alleges the following:

1. Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.* ("TCPA") and the Florida Consumer Collections Practices Act, Chapter 559, *et seq.* ("FCCPA").

## JURISDICTION AND VENUE

2. This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney's fees and cost.

3. Jurisdiction and venue for purposes of this action are appropriate and conferred by 47 U.S.C. §227(b)(3), 47 U.S.C. §227(c)(5), and Florida Statutes.

4. Venue is proper in this District because the Plaintiff resides in this District (Polk County) and the Defendant transacts business in Polk County, Florida.

1



## FACTUAL ALLEGATIONS

5. Plaintiff is a natural person, and citizen of the State of Florida, residing in Polk County, Florida.

6. Defendant is a corporation and a citizen of the State of Florida with its principal place of business at 5999 Lake Pointe Drive, # 608, Orlando, Florida 32822.

7. The conduct of Defendant which gives rise to the cause of action herein alleged occurred in this District, Polk County, Florida.

8. Defendant, at all times material, was attempting to collect on an account and/or was making calls on an account belonging to "Jerry Hundley" of whom Plaintiff has no knowledge (hereinafter the "subject account").

9. Defendant knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone number up to three (3) times a day from May, 2013 through November, 2013, with such frequency as can reasonably be expected to harass, all in an effort related to the collection of the subject account.

10. Upon information and belief, each call the Defendant made to the Plaintiff was made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C §227(a)(1) (hereinafter "autodialer calls") as each time Plaintiff answered one of Defendant's calls an automated or prerecorded message would immediately begin to play, and advise Defendant was seeking "Jerry Hundley," and said messages would speak the name "Jerry Hundley" in a completely different artificial and/or prerecorded voice than the original artificial and/or prerecorded voice that began each message.

11. Each of the autodialer calls the Defendant made to the Plaintiff's cellular telephone number was done so without the "prior expressed consent" of the Plaintiff.

12. In approximately May, 2013, Plaintiff began receiving autodialer calls from Defendant on his cellular telephone number, (863) 521-8085, concerning a debt arising out of the subject account of Jerry Hundley of which Plaintiff had no knowledge.

13. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number, (863) 521-8085, and was the called party and recipient of Defendant's autodialer calls.

14. The autodialer calls from Defendant came from telephone numbers which included, but are not limited to: 813-498-1260, 813-498-2083, 813-498-2078, 813-440-2914, 813-644-8800, 813-644-8809, 813-644-8770, 813-440-2932, 813-644-8769, 813-321-2397, and 813-440-2875.

15. After receiving several of these autodialer calls in May, 2013 from Defendant, Plaintiff returned the call on May 20, 2013 and spoke with a representative of Diversified Consultants, LLC and told him that he did not know any "Jerry Hundley," that Plaintiff personally did not owe them any money and that they were calling the wrong number. Further, Plaintiff requested the calls from Defendant stop and to be taken off the Defendant's call list.

16. Despite informing Defendant that he was not the person Defendant was attempting to contact, to stop calling, and that he did not owe the subject debt, the Defendant's autodialer calls to Plaintiff's cellular phone continued.

17. Plaintiff once again attempted to have the Defendant's autodialer calls to Plaintiff's cellular phone stopped by calling speaking with a representative of Defendant's when they called him on May 23, 2013 at 6:42 pm and once again on July 6, 2013 when he returned another call from Defendant and requested that the calls stop, he was not the person they were attempting to reach and to remove his number from their dialing system.

18. The autodialer calls from Defendant continued approximately, on average, one (1) to three (3) times a day from May, 2013, until approximately November, 2013. Defendant has, or should be in possession and/or control of call logs, account notes, autodialer reports and/or other records that detail the exact number of autodialer calls made to Plaintiff over the relevant time period.

19. While Plaintiff did not keep detailed records of all the autodialer calls made by Defendant to Plaintiff's cellular telephone number, attached hereto as **Exhibit "A"** is a true and correct copy of some of Defendant's autodialer call frequency for the period of May 4, 2013 through November 4, 2013, showing approximately twenty-three (23) autodialer calls to Plaintiff's cellular telephone over that period of time.

20. The Defendant has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice, and to make autodialer calls just as they did to the Plaintiff's cellular telephone in this case, with no way for the called party and recipient of the calls, or the Defendant, to permit the removal of the incorrect number.

21. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of autodialer calls, well-beyond May 20, 2013, when Plaintiff first advised Defendant that they were calling the wrong number, that he did not know "Jerry Hundley," and to stop calling Plaintiff.

22. Defendant's corporate policy is structured as to continue to call individuals like the Plaintiff, despite the individual, like Plaintiff, explaining to the Defendant that they are the wrong party, do not owe a debt to Defendant, that they do not know the person Defendant is attempting to contact, and advising Defendant to stop calling.

23. Defendant's corporate policy provided no means for the Plaintiff to have his cellular number removed from the call list, or otherwise permit the cessation of and/or suppression of calls to Plaintiff.

24. Defendant knowingly employed methods and/or has a corporate policy designed to harass and abuse individuals and has set up their autodialer in a manner which makes it virtually impossible for the autodialer calls to stop.

25. Defendant knowingly employed methods that did not permit the cessation of or suppression of autodialer calls to the Plaintiff's cellular telephone.

26. Plaintiff did not expressly consent to Defendant's placement of autodialer calls to Plaintiff's cellular telephone by the use of an automatic telephone dialing system or the use of an artificial or prerecorded voice prior to Defendant's placement of the calls.

27. Due to Defendant's constant autodialer calls and demands for payment and/or demands for location information for individuals other than Plaintiff, Plaintiff has suffered statutory and actual damages in the form of emotional distress, frustration, worry, anger, and/or loss of capacity to enjoy life.

## COUNT I
### (Violation of the TCPA)

28. Plaintiff re-alleges and incorporates Paragraphs one (1) through twenty-seven (27) above as if fully stated herein.

29. None of Defendant's autodialer calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

30. Defendant willfully and/or knowingly violated the TCPA with respect to the Plaintiff, especially for each of the autodialer calls made to Plaintiff's cellular telephone after Plaintiff

notified Defendant in February, 2013, that Defendant was calling the wrong number, that he did not know the subject debt, and to stop calling Plaintiff.

31. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages, treble damages, costs, interest, and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the Florida Consumer Collection Practices Act "FCCPA")

32. Plaintiff re-alleges paragraphs one (1) through twenty-seven (27) above as if fully stated herein:

33. At all times relevant to this action Defendant is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

34. Plaintiff is an alleged "debtor" and/or "consumer" pursuant to F.S. §559.55(2) as Defendant, per its conduct in continuing to call Plaintiff on the subject account despite knowing that Plaintiff was not its actual debtor, engaged in conduct that could only be construed as alleging that Plaintiff was obligated to pay said debt.

35. Defendant has violated Florida Statute §559.72(7) by willfully communicating with the Plaintiff, an alleged debtor, with such frequency as can be reasonably be expected to harass the debtor.

36. Defendant has violated Florida Statute §559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse the Plaintiff, an alleged debtor.

37. Defendant has violated Florida Statute §559.72(9) by claiming, attempting, or threatening to enforce a debt as to Plaintiff, when Defendant had actual knowledge that the debt was not legitimate as to Plaintiff.

38. Defendant's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of actual and statutory damages as described by Florida Statute §559.77.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages for emotional and mental pain and suffering, fear, humiliation, embarrassment, frustration and loss of capacity for the enjoyment of life, costs, interest, attorney's fees pursuant to F.S. §559.77, and any other such relief the court may deem just and proper.

## COUNT III

### (Violation of the Fair Debt Collection Practices Act "FDCPA")

39. Plaintiff re-alleges paragraphs one (1) through twenty-seven (27) above as if fully stated herein:

40. The foregoing acts and omissions of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, the following provisions of the FDCPA, 15 U.S.C. § 1693 et seq., with respect to Plaintiff:

   (a) The Defendant violatd 15 U.S.C. § 1692f by using unfair or unconscionable means to collect or attempt to collect the alleged debt;

   (b) The Defendant violated 15 U.S.C. § 1692(d) by conduct, the natural consequence of which is to harass, oppress, or abuse any person;

   (c) The Defendant violated 15 U.S.C. § 1692(d)(5) by causing Plaintiff's phone to ring repeatedly.

WHEREFORE, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

_____
Michael J. Vitoria, Esquire
Florida Bar # 0135534
Morgan & Morgan, Tampa, P.A.
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
MVitoria@forthepeople.com
afloyd@forthepeople.com
Attorney for Plaintiff

Client's call log:

May 4, 2013 @ 8:40 am
May 16, 2013 @ 10:49 am
May 17, 2013 @ 1:12 pm
May 20, 2013 @ 5:25 pm- outgoing call to Diversified
May 21, 2013 @ 4:11 pm
May 23, 2013 @ 8:43 am and 6:42 pm
May 24, 2013 @ 8:58 am and 11:59 am
May 25, 2013 @ 9:55 am
May 29, 2013 @ 1:07 pm
June 1, 2013 @ 11:35 am
June 3, 2013 @ 8:07 am
June 4, 2013 @ 12:52 am
June 6, 2013@ 12:08 pm
June 7, 2013 @ 10:51 am, 12:04 pm and 3:24 pm
June 10, 2013 @ 9:01 am and 4:38 pm
June 11, 2013 @ 11:09 am and 8:28 pm
June 12, 2013 @ 8:29 am
June 13, 2013 @ 8:13 am and 1:07 pm
June 17, 2013 @ 6:36 pm
June 19, 2014 @ 9:16 am
June 25, 2013 @ 8:55am, 4:33 pm and 8:09 pm
June 27, 2013 @ 9:29 am
June 28, 2013 @ 8:09 am
July 1, 2013 @ 12:07 pm and 6:53 pm
July 2, 2013 @ 12:03 pm
July 3, 2013 @ 10:14 am
July 5, 2013 @ 8:45 am
July 6, 2013 @ 2:33 pm
July 9, 2013 @ 12:02 pm
July 10, 2013 @ 8:34 am and 6:56 pm
July 11, 2013 @ 8:21 am
July 12, 2013 @ 10:32
July 16, 2013 @ 12:10 pm and 5:35 pm
July 17, 2013 @ 8:39 am
July 18, 2013 @ 8:53 am
July 19, 2013 @ 8:50 am
July 22, 2013 @ 10:17 am
July 23, 2013 @ 12:09 pm
July 25, 2013 @ 8:04 am and 12:09 pm
July 26, 2013 @ 1:08 pm
July 29, 2013 @ 11:59 am
July 30, 2013 @ 12:13 pm
August 2, 2013 @ 8:07 am and 2:13 pm
August 5, 2013 @ 1:07 pm
August 15, 2013 @ 1:56 pm

1



August 16, 2013 @ 7:12 pm
August 30, 2013 @ 2:39 pm
September 4, 2013 @ 8:12 pm
September 6, 2013 @ 7:19 pm
September 10, 2013 @ 5:29 pm
September 17, 2013 @ 8:44 pm
September 18, 2013 @ 6:12 pm
September 20, 2013 @ 12:20 pm
September 23, 2013 @ 7:46 pm
September 24, 2013 @ 2:10 pm and 7:19 pm
September 25, 2013 @ 4:15 pm
October 3, 2013 @ 6:10 pm
October 4, 2013 @ 11:00 am and 4:40 pm
October 7, 2013 @ 2:53 pm
October 8, 2013 @ 4:21 pm
October 9, 2013 @ 7:19 pm
October 11, 2013 @ 7:00 pm
October 18, 2013 @ 7:15 pm
October 23, 2013 @ 6:29 pm
October 29, 2013 @ 7:28 pm
October 30, 2013 @ 6:32 pm
October 31, 2013 @ 7:11 pm
November 4, 2013 @ 5:42 pm