UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MICHAEL MURRAY,

    Plaintiff,

v.                                        Case No.  8:13-cv-3074-T-30AEP

DIVERSIFIED CONSULTANTS, INC.,

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant Diversified Consultants, Inc.'s Motion to Stay (Dkt. 21). Upon consideration of the motion, and being otherwise advised in the premises, the Court concludes that the motion should be denied.

## DISCUSSION

Defendant Diversified Consultants, Inc. ("DCI") contends that Plaintiff brought this action in part alleging DCI violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, when DCI called Plaintiff's cellular telephone via an automatic telephone dialing system ("ATDS") without Plaintiff's prior express consent. DCI argues that the Court should stay this action because the allegations in Plaintiff's complaint turn on the following issues currently pending before the Federal Communications Commission ("FCC"): 1) whether the TCPA applies to non-telemarketing calls such as the debt collection calls at issue here; and 2) whether dialing equipment must have a current capacity to generate

and dial random or sequential numbers in order to be considered an ATDS.  DCI maintains that considerations pertinent to the doctrine of primary jurisdiction warrant granting the stay. The Court disagrees.

The first issue regarding whether the TCPA applies to non-telemarketing calls such as debt collection calls has already been addressed by the Eleventh Circuit in *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).  The Eleventh Circuit's holding in *Osorio* makes clear that the distinction related to non-telemarketing calls does not apply to calls made to cellular phones.  Indeed, the provisions of the TCPA that apply to autodialed calls to cellular phones and the exemptions promulgated by the FCC demonstrate that DCI's argument with respect to whether the TCPA applies to non-telemarketing calls is without merit.  Plaintiff's TCPA claim is brought under 47 U.S.C. § 227(b)(1)(A)(iii), which bans the use of *"any* automated telephone dialing system" to call *"any* ... cellular telephone service."  The only exemptions in the TCPA that apply to cellular phones are for emergency calls and calls made with prior express consent. *See id.*, 47 C.F.R. § 64.1200(a)(1)(iii). "Unlike the exemptions that apply exclusively to residential lines, there is no established business relationship or debt collection exemption that applies to autodialed calls made to cellular phones." *Fenescey v. Diversified Consultants, Inc.*, 2014 WL 2526571, at *2 (M.D. Pa. June 4. 2014) (denying a nearly identical motion to stay filed by DCI).  Thus, DCI's argument with respect to this issue is without merit.

The second issue, whether dialing equipment must have a current capacity to generate and dial random or sequential numbers in order to be considered an ATDS, is also without

merit because, regardless of any decision on the issue of what constitutes an ATDS, Plaintiff alleges, in the alternative, that DCI violated the TCPA through the use of artificial or prerecorded messages. From the plain text of the statute, each of these violations is independently actionable; a plaintiff may recover damages for calls made "using any automatic telephone dialing system *or* an artificial or prerecorded voice." 47 U.S.C. § 227(b)(1)(A) (emphasis added). Therefore, Plaintiff's claim regarding the use of an artificial or prerecorded voice is appropriately before the court, regardless of the FCC's decision with respect to the definition of an ATDS.

Finally, the FCC has previously held that debt collectors are not exempt from the TCPA and that predictive dialers are considered automatic telephone dialing systems subject to the TCPA. *See Swope v. Credit Management, LP*, 2013 WL 607830, at \*4-\*5 (E.D. Mo. Feb. 19, 2013) (discussing same). Thus, the interests of consistency and uniformity are better served by allowing this case to proceed based on the prior interpretations of the FCC, rather than postponing this case for an indefinite amount of time based on the possibility that the FCC *may* decide to reconsider its past positions. Further, any reconsideration by the FCC regarding its interpretation of these provisions would likely apply prospectively. *See id.*, *see also Meyer v. Receivables Performance Management, LLC*, 2014 WL 1976664, at \*1-\*2 (W.D. Wash. May 14, 2014) (denying a similar motion to stay and stating: "There is no reason to believe that new FCC rules will have any impact on this case"). Notably, Plaintiff is seeking damages for past conduct.

It is therefore ORDERED AND ADJUDGED that Defendant Diversified Consultants, Inc.'s Motion to Stay (Dkt. 21) is denied.

**DONE** and **ORDERED** in Tampa, Florida on June 9, 2014.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2013\13-cv-3074.mt-stay-pendingFCC-denied.wpd